UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>A & S ELECTRONICS, INC., et al.,<br><br>Defendants. | Case No.  15-cv-02288-SBA   (EDL)<br><br>**ORDER REGARDING DOCKET NOS. 85, 86, AND 87** |

This is a case brought by Adobe against A&S Electronics and its President and CEO Alan Lin for trademark infringement, false designation of origin, dilution, copyright infringement, unfair business practices and breach of contract. According to Adobe, one of its investigators purchased an "Adobe Acrobat X Standard v. 10 for Windows – 1 User, 2 PCs (License Key Card Only- No Media" online from A&S' website TrustPrice.com. Adobe claims that the serial number for the product was a number for a product only to be sold in Asia, and the card itself was a counterfeit not manufactured by Adobe. SAC¶ 37. A&S defends on the basis that its sales are protected by the "first sale" doctrine, which generally provides that once a copyrighted work is lawfully sold or transferred, the new rightful owner has the right to sell or otherwise dispose of that copy without permission. The discovery cutoff was June 23, and Judge Armstrong's scheduling order provided that "[t]he parties are responsible for scheduling discovery so that motions to resolve discovery disputes can be heard before the [June 23] discovery cutoff." Dkt. No. 60 at 1.

This Court has previously resolved several discovery disputes, and recently issued an Order requiring the individual deposition of Mr. Lin to proceed and providing the parties with guidance and ordering them to further meet and confer regarding the scope of a 30(b)(6)

1  deposition of A&S.  See Dkt. Nos. 78, 79, 80, 87.  Additionally, the Court has set a phone
2  conference set for July 8 to resolve a dispute over a subpoena that Adobe issued to Bank of
3  America seeking financial records for accounts belonging to A&S, Mr. Lin and a related third
4  party entity Spot.Me.  See Dkt. Nos. 82, 83, 84, 88.  Currently before the Court are three
5  additional discovery letters addressing two separate disputes.  See Dkt. Nos. 85, 86, 87.

**I.  Timeliness**

On June 23, 2016, the discovery cutoff deadline, Adobe filed two unilateral letters seeking to: (1) compel the deposition of A&S employee Vita Choi; and (2) compel compliance with documents and testimony subpoenas issued to third party/closely related entity Spot.Me.  See Dkt. Nos. 85-86.  Defendants and Spot.Me, all of whom share counsel, responded by letter to the Court on June 28.  See Dkt. No. 87.  Defendants and Spot.Me argue that Adobe's letters to the Court are untimely because Adobe waited to serve discovery and bring these disputes to the Court, and is not in compliance with Judge Armstrong's requirement that the parties schedule discovery so that motions could be resolved before June 23.  It appears that Defendants may have delayed in completing discovery due to an erroneous assumption that Judge Armstrong would grant their motion for leave to amend the complaint and modify the case schedule, but Judge Armstrong denied the motion for leave to amend on June 20.

While there is some merit to Defendants' timeliness argument, Adobe's letters were filed on the date of the cutoff whereas Defendants did not respond for five additional days.  The Court will not deny Adobe's requests as untimely, and proceeds to the merits.

**II.   Adobe's Request to Compel Deposition of A&S Employee Vita Choi (Dkt. # 85)**

Adobe seeks to compel the appearance of A&S employee Vita Choi at a deposition.  On June 10, Adobe served a deposition notice on Defendants' counsel to take Choi's deposition on June 20. On June 17, A&S asked Adobe explain why no subpoena was required.  Adobe responded that Mr. Lin previously testified that Choi is an employee and the "office manager" of A&S, and additionally she is named as the secondary contact on an agreement between Adobe and A&S that is at issue in this litigation.  Adobe argues that it need not subpoena an officer, director or managing agent of a of a defendant corporation such as A&S.  See Cadent Ltd. v. 3M Unitek

2

1   Corp., 232 F.R.D. 625, 628, n.2 (C.D. Cal. 2005) (quoting Schwarzer, Tashima & Wagstaffe,
2   California Practice Guide: Fed. Civil Procedure Before Trial, §§ 11:1419, 11:2226 (2005 rev.)
3   ("Under Rule 30(b)(1), it is well recognized that 'if the corporation is a party, the notice compels it
4   to produce any 'officer, director or managing agent' named in the deposition notice. It is not
5   necessary to subpoena such individual. The corporation risks sanctions—including default or
6   dismissal—if the designated individual fails to appear.").

7         A&S responds that Choi is not an officer, director or managing agent and is actually a
8   "book keeper" who must be served with a subpoena. A&S argues that the burden is on Adobe to
9   prove otherwise. See Calderon v. Experian Info. Sols., Inc., 287 F.R.D. 629, 632-33 (D. Idaho
10  2012), aff'd, 290 F.R.D. 508 (D. Idaho 2013). However, this burden is "a modest one, and at least
11  at the discovery stage, all doubts are to be resolved in favor of the party seeking the depositions.
12  This is particularly true where the party seeking discovery has had less than complete discovery on
13  the issue of the witness's status within the corporation. Thus, courts have concluded that if there is
14  at least a 'close question' as to the managing agent status of a potential witness, doubts should be
15  resolved in favor of allowing the deposition, with the final determination of whether the agent has
16  the ability to bind the corporation to be left for trial." Id. (internal citations omitted).

17        Adobe contends that, regardless of title, Choi is a managing agent for purposes of this
18  deposition given her involvement with A&S and the agreement at issue in this litigation, and does
19  not need to be subpoenaed. See Botell v. United States, No. 2:-11-CV-1545 GEB, 2013 WL
20  360410, at *4-5 (E.D. Cal. Jan. 29, 2013) (internal citations omitted) (analysis of whether
21  employee is managing agent for purposes of deposition requires consideration of several factors
22  including: "(1)whether the individual is invested with general powers allowing him to exercise
23  judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give
24  testimony, at his employer's request, in response to the demand of the examining party; (3)
25  whether any person or persons are employed by the corporate employer in positions of higher
26  authority than the individual designated in the area regarding which information is sought by the
27  examination; (4) the general responsibilities of the individual respecting the matters involved in
28  the litigation"). A&S counters that Choi is not a managing agent merely because she can receive

1  notice relating to a corporate agreement.

2        Given Adobe's minimal burden, and the fact that there is no dispute that Choi is at least the
3  the office manager of A&S and has some relationship with the agreement between A&S and
4  Adobe at issue in this litigation, there is at least a "close question" whether Choi is a managing
5  agent such no subpoena is required to take her deposition. A&S is hereby Ordered to produce
6  Choi for deposition within two weeks from the date of this Order.

7  **III.    Adobe's Request to Compel Testimony and Documents From Spot.Me (Dkt. # 86)**

8        Adobe seeks to compel third-party Spot.Me's compliance with subpoenas for testimony
9  and documents. Upon service of the subpoenas, counsel for Spot.Me -- the same counsel
10 representing defendants A&S and Mr. Lin in this litigation -- objected to the subpoenas and stated
11 that Spot.Me would not appear or produce documents but did not move the Court for a protective
12 order or take any other action to avoid compliance with the subpoenas.

13       It appears to be undisputed that Defendant A&S and Spot.Me use the same mailing address
14 in California and Nevada, Defendant Mr. Lin is the managing agent of both companies, both
15 companies operate under the dba "TRUSTprice," and both companies use the same PayPal
16 account. Thus, according to Adobe, they are operated by Mr. Lin as a single entity and its
17 subpoenas for documents and testimony to Spot.Me are proper. The Court agrees that some
18 discovery from Spot.Me is appropriate, and the question is one of scope.

19       Spot.Me/Defendants did not respond to Adove's discovery letter on this issue until June
20 28, after the parties had the benefit of the Court's June 27 Order with respect to the A&S
21 deposition notice. See Dkt. Nos. 87, 89. With respect to the document subpoena, the subpoena
22 included 15 categories of documents relating to Spot.Me's communications and dealings with
23 A&S. Spot.Me states that it has now produced all of its sales records for Adobe Acrobat products
24 from May 21, 2011 to present. It is unclear whether this production resolves this dispute. If there
25 is still some remaining dispute over Spot.Me's document production, the parties are ordered to
26 meet and confer and Spot.Me shall produce any additional documents prior to the deposition of
27 Mr. Lin set for July 11.

28       With respect to the deposition subpoena to Spot.Me, the parties have agreed to complete

1   the deposition of Mr. Lin individually and as the 30(b)(6) witness for A&S and Spot.Me on July
2   11.  Notably, the deposition subpoena to Spot.Me contains 85 topics that appear to be similar to
3   the topics listed in the Rule 30(b)(6) deposition notice to A&S which is the subject of the Court's
4   prior Order.  The parties shall apply the Court's guidance, provided with respect to how to
5   properly narrow the scope of the A&S deposition notice, to the Spot.Me subpoena and proceed
6   with the Spot.Me deposition accordingly.

**IT IS SO ORDERED.**

Dated: June 30, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge